UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

RICHARD GOLDRING, HARVEY OSHER, ELLIOT
OSHER, TAMILA OSHER, NANCY SIX, VECIDI
BAYKAL, BRYAN TEATON, PETER LeBRON,
ROBERT SPITALIERI, MILDRED GARCIA, GUS
LIVADITIS, PETER GAVARIS, MAGDY
ABDALKWY, JOHN BEHAN, ALEX MARGOLIN,
SHAWN CALLAHAN, SPIRO ANASTASIADIAS,
KRISTIN DAVIS, TOM WOLFE, and WESTSIDE
REALTY OF NEW YORK, INC,



**COMPLAINT**

Plaintiffs,

-against-

CITY OF NEW YORK, New York, and POLICE
OFFICERS JOHN DOE #1 TO #100,

**Jury Trial Demanded**

Defendants.
--------------------------------------------------------------x

Plaintiffs RICHARD GOLDRING, HARVEY OSHER, ELLIOT OSHER,

TAMILA OSHER, NANCY SIX, VECIDI BAYKAL, BRYAN TEATON, PETER

LeBRON, ROBERT SPITALIERI, MILDRED GARCIA, GUS LIVADITIS, PETER

GAVARIS, MAGDY ABDALKWY, JOHN BEHAN, ALEX MARGOLIN, SHAWN

CALLAHAN, SPIRO ANASTASIADIAS, KRISTIN DAVIS, TOM WOLFE, and

WESTSIDE REALTY OF NEW YORK, INC by their attorneys LOVETT & GOULD,

LLP, for their complaint respectfully state:


## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting

from Defendants' conduct, engaged in while they were acting in concert and under color

1

of the laws of the State of New York, that violated Plaintiffs' rights as guaranteed by reason of the First, Fourth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiffs RICHARD GOLDRING (hereinafter "Goldring") and ELLIOT OSHER (hereinafter "E. Osher") are citizens of the United States and respectively: i) residents of Watchung, New Jersey and White Plains, New York; and ii) the President and Vice President of non-party Go West Entertainment, Inc. (hereinafter "Go West"). Goldring, E. Osher and Plaintiff HARVEY OSHER (hereinafter "H. Osher") are the principals/owners of Westside. H. Osher is also an employee of non-party  Go West, referenced *infra.*

4. Plaintiffs TAMILA OSHER, NANCY SIX, VECIDI BAYKAL, BRYAN TEATON, PETER LeBRON, ROBERT SPITALIERI, MILDRED GARCIA, GUS LIVADITIS, PETER GAVARIS, MAGDY ABDALKWY, JOHN BEHAN, ALEX MARGOLIN, SHAWN CALLAHAN, SPIRO ANASTASIADIAS, KRISTIN DAVIS and TOM WOLFE are citizens of the United States and at all times relevant to this complaint were employees and/or independent contractors of Go West.

5.Plaintiff WESTSIDE REALTY OF NEW YORK, INC. (hereinafter

"Westside") is a New York State domestic corporation that owns premises situated at

533-535 West 27th Street and 536 West 28th Street, New York City, New York. That

premises' principal tenant is  Go West Entertainment, Inc., also a New York State

domestic corporation with offices for the conduct of business at that location. There Go

West has for years operated an upscale gentlemen's club in connection with which

topless, female dancing is conducted as one form of expressive entertainment. That

business is known as "Scores" at all times relevant to this complaint was in all respects

compliant with applicable codes, rules, regulations and laws. Westside's ownership of the

premises is subject to a not-insubstantial mortgage, the payments with respect to which

are dependent upon the financial viability of Go West and Scores.

6. Defendant CITY OF NEW YORK (hereinafter "City") is a municipal corporate

subdivision of the State of New York duly existing by reason of and pursuant to the laws

of said State. During the tenure of now-former Mayor Rudy Giuliani the City publicly

took the position that clubs featuring female topless expressive entertainment should be

permitted to conduct business only on the West Side of Manhattan. As a result Westside

purchased the building in which Go West established and operates Scores. The City

thereafter determined that clubs on the West Side of Manhattan featuring female topless,

female expressive entertainment should be forced to shut down by reason of that First

Amendment protected activity.

7. Defendants POLICE OFFICERS JOHN DOE #1 TO #100 (hereinafter

collectively referred to as the "Police"), whose identities are presently not known to the

Plaintiffs, are duly sworn members (of various ranks) of the New York City Police

Department assigned to *inter alia* the Manhattan South Vice Enforcement Division

(hereinafter the "Division"). At such time during pre-trial discovery the identities of those individual Police Officers are ascertained, Plaintiffs will seek leave from the Court to amend their complaint and name each of them individually.

## THE FACTS

8. During the approximately twelve month period preceding January 24, 2007, an undercover police officer assigned to the Division frequented Scores and by means of intimidation and implied threats of criminal prosecution:

> a. Repeatedly gained access to the premises without paying any admission fee,
>
> b. Repeatedly consumed alcoholic beverages without paying for them,
>
> c. Repeatedly consumed food without paying for it,
>
> d. Repeatedly brought other undercover officers with him who also entered the premises without paying any admission fees, and consumed both food and alcoholic beverages without paying for same.

9. Over the course of that approximate same period of time Defendants implemented a plan, approved by the executive branch of the City's administration, calculated to coerce Go West, Westside, and Scores' cessation of business solely because of their employment of female topless dancers, and in that connection to purposefully deprive Go West, Westside, Goldring, H. Osher and E. Osher of their property rights and pecuniary interests in Scores and its premises.

10. In furtherance of the plan and at the direction of the City's Police

Commissioner dozens of police officers were routinely assigned to 27th and/or 28th Street at Tenth and Eleventh Avenues daily from approximately 11:30 P.M. to 4:00 A.M. for the specific objectives of: i) closing those streets to all vehicular traffic between those Avenues; ii) preventing Scores' clientele from safely accessing and/or departing the club by motor vehicle (taxi, limousine and/or privately owned automobile); iii) prohibiting Scores' female employees from safely accessing the club by motor vehicle and obligating them to park blocks away from the club during nighttime hours; and iv) preventing the owners of Scores from safely accessing the club by motor vehicle and using on-premises parking facilities - - obligating them instead to park blocks away from the club.

 11. As a proximate result of the Defendants' plan and the steps taken in furtherance of it:

  a. The number of clientele frequenting Scores dropped precipitously,

  b. Many of the female dancers refused to report to work because of the safety risks to which Defendants' conduct has subjected them,

  c. Go West, Westside, and Scores' revenues dropped, and, *inter alia*,

  d. Plaintiffs' Westside, Goldring, H. Osher and E. Osher's ownership/property rights and financial interests were critically and adversely impacted.

 12. Nightclubs in New York County that are otherwise identical to Scores except for the absence of female topless dancers, have not been similarly targeted for coerced closure by the Defendants.

13. Nightclubs in New York County that are identically situated to Scores with respect to the presentation of female topless dancing for their clientele have been identically targeted as Scores for coerced closure by Defendants.

14. On January 24, 2007, Police assigned to the Division conducted what they later claimed to be an undercover investigation at Scores, following which a number of arrests were made. As a proximate result, the New York State Division of Alcoholic Beverage Control commenced administrative proceedings with a view towards cancellation and/or revocation of Go West's liquor license and forcing Scores' closure as sought by the Defendants - - despite the circumstance that with one minor exception all charges resulting from the undercover investigation were either dismissed or resulted in dispositions as mere violations.

15. In that connection and on April 17, 2007, when the mandatory public hearing in that administrative proceeding was scheduled to commence at the offices of the State Liquor Authority:

a. The individually named Plaintiffs attended for *inter alia* the purpose of identifying and/or attempting to identify (as part of the January 24, 2007, Police undercover team), the corrupt Police officers referenced *supra* in paragraph "8", as a result of which,

b. The State Liquor Authority (hereinafter "Authority"), in the exercise of its final administrative (albeit unlawful) decision-making power, intentionally determined to exclude the public from the hearing and deprive Go West of its pre-deprivation Due Process entitlement to a public hearing,

c. The Authority moved the otherwise location of the hearing from the fourth floor of its offices where public hearings are routinely conducted to a secure area on the fifth floor of those offices and,

e. Excluded from the "public" hearing all of the individually named Plaintiffs (except Elliot Osher, Richard Goldring and their attorneys) who were directed to leave the fifth floor and return to the fourth floor.

15. Shortly after those Plaintiffs complied with the directive to return to the fourth floor the Police (some of whom had participated in the January 24, 2007, undercover operation at Scores referenced *supra* and none of whom were from the Police Precinct in which the SLA premises was situated) locked them in, barring any of the individuals from leaving the premises on the pretext that they were conducting some sort of "investigation".

16. In fact the Police had been sent to that premises for the specific objectives, actually achieved, of:

a. Intimidating and chilling Go West and Westside in the exercise of their right of free speech because of the presence of female topless dancers at Scores' premises,

b. Intimidating and chilling the individually named Plaintiffs because in their capacity as Go West employees and/or independent contractors they in concert with their employer aided and abetted Go West and Westside's exercise of its free speech rights, and,

7

c. Intimidating and chilling Go West, Westside, their attorneys present at the administrative hearing, and both Go West's President and Vice President for the same objective.

17. During the course of the pretextual "investigation" the Police repeatedly verbally threatened the Plaintiffs with physical injury, threatened to arrest them for "prostitution", and deliberately used excessive force in connection with multiple physical assaults committed against H.Osher and his wife Tamila Osher including: i) repeatedly grabbing Tamila and attempting to physically drag her into an elevator and; ii) forcefully shoving H. Osher and knocking him to the floor causing him serious physical injury requiring medical attention.

18. For substantially in excess of an hour the Police deliberately imprisoned the said Plaintiffs on the fourth floor during which time:

> a. There was no probable cause and/or arguable probable cause and/or any lawful cause for their detention,

> b. Each of the Plaintiffs was conscious of and did not consent to their imprisonment,

> c. Their imprisonment was not otherwise authorized or privileged, and,

> d. No criminal charges were preferred against any of them.

19. As a proximate result of Defendants' conduct Plaintiffs have been caused to suffer: false imprisonment, excessive force (in the cases of Harvey and Tamila Osher), violations of their right to free speech, violations of their Fourth Amendment rights, violations of their right to Due Process, violations of their right to Equal Protection,

public humiliation, public embarrassment, anxiety, emotional upset and otherwise have been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

21. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

22. Defendants' imprisonment of Plaintiffs violated their rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

23. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

24. Defendants' chilling of Plaintiffs' right of free speech violated the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## BY TAMILA AND HARVEY OSHER

25. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1 and "20".

26. Defendants' use of excessive force violated the rights of Harvey and Tamila Osher as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM BY
## WESTSIDE, RICHARD GOLDRING
## HARVEY OSHER AND ELLIOT OSHER

27. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

28. Under the premises Defendants conduct violated Plaintiffs' right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM BY
## WESTSIDE, RICHARD GOLDRING
## HARVEY OSHER, AND ELLIOT OSHER

29. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

30. Under the premises Defendants' conduct denied Plaintiffs' right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

    b. Awarding against all Defendants such compensatory damages as the jury may determine,

    c. Awarding reasonable attorney's fees and costs, and,

    d.  Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
      April 21, 2008

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, New York 10605
914-428-8401