UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

RICHARD GOLDRING, HARVEY OSHER, ELLIOT OSHER, TAMILA OSHER, NANCY SIX, VECIDI BAYKAL, BRYAN TEATON, PETER LeBRON, ROBERT SPITALIERI, MILDRED GARCIA, GUS LIVADITIS, PETER GAVARIS, MAGDY ABDALKWY, JOHN BEHAN, ALEX MARGOLIN, SHAWN CALLAHAN, SPIRO ANASTASIADIAS, KRISTIN DAVIS, TOM WOLFE, and WESTSIDE REALTY OF NEW YORK, INC.,

08 Civ. 3765 (RJS)

**ANSWER**

Plaintiffs,

-against-

CITY OF NEW YORK, New York, and POLICE OFFICERS JOHN DOE #1 TO #100,

Defendants.

------------------------------------------------------------------ x

Defendant, the CITY OF NEW YORK (the "City"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint seeking compensatory and punitive damages (the "complaint"), respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as described therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as described therein.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City is a municipal corporation created and existing under and by virtue of the laws of the State of New York.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint except admits that traffic control and public safety measures have been taken by the New York City Police Department at the location identified therein, as well as at other locations in the City, including closing the street to vehicular traffic during limited hours.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint except admits that after receiving a complaint that acts of prostitution were being committed at Scores, City police conducted an investigation and made numerous arrests for prostitution and related crimes on January 24, 2007 at Scores.

15. Denies the allegations set forth in the first paragraph "15" of the complaint, except admits that a hearing was scheduled for April 17, 2007 by the State Liquor Authority ("SLA") concerning Scores.

16. Denies the allegations set forth in the second paragraph "15" of the complaint and avers that the SLA offices at which the April 17, 2007 hearing was scheduled were closed off from public entry or egress for a period of time on that date.

17. Denies the allegations set forth in paragraph "16" of the complaint.

18. Denies the allegations set forth in paragraph "17" of the complaint.

19. Denies the allegations set forth in paragraph "18" of the complaint.

20. Denies the allegations set forth in paragraph "19" of the complaint.

21. Notes that there is no paragraph "20" in the copy of the complaint served upon the City, and therefore cannot respond to such paragraph.

22. In response to paragraph "21" of the complaint, repeats and realleges the responses set forth in the paragraphs hereinbefore as if fully set forth herein.

23. Denies the allegations set forth in paragraph "22" of the complaint.

24. In response to paragraph "23" of the complaint, repeats and realleges the responses set forth in the paragraphs hereinbefore as if fully set forth herein.

25. Denies the allegations set forth in paragraph "24" of the complaint.

26. In response to paragraph "25" of the complaint, repeats and realleges the responses set forth in the paragraphs hereinbefore as if fully set forth herein.

27. Denies the allegations set forth in paragraph "26" of the complaint.

28. In response to paragraph "27" of the complaint, repeats and realleges the responses set forth in the paragraphs hereinbefore as if fully set forth herein.

29. Denies the allegations set forth in paragraph "28" of the complaint.

30. In response to paragraph "29" of the complaint, repeats and realleges the responses set forth in the paragraphs hereinbefore as if fully set forth herein.

31. Denies the allegations set forth in paragraph "30" of the complaint.

32. Denies that plaintiff is entitled to the relief sought in the WHEREFORE paragraph of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

33. The complaint fails to state a claim upon which relief can be granted as against the City.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the City violated any act of Congress providing for the protection of civil rights.

35. Any actions of the City complained of herein were in all respects lawful, proper and constitutional.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

36. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the City.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

37. Plaintiff cannot obtain punitive damages as against the City of New York.

-5-

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

38. Plaintiffs provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

39. Plaintiffs' claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

Dated:  New York, New York
        May 27, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for the City defendants
        100 Church Street
        New York, New York 10007
        (212) 442-4050

        By:    PAULA VAN METER

Index No. 08 Civ. 3765 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD GOLDRING, HARVEY OSHER, ELLIOT OSHER, TAMILA OSHER, NANCY SIX, VECIDI BAYKAL, BRYAN TEATON, PETER LeBRON, ROBERT SPITALIERI, MILDRED GARCIA, GUS LIVADITIS, PETER GAVARIS, MAGDY ABDALKWY, JOHN BEHAN, ALEX MARGOLIN, SHAWN CALLAHAN, SPIRO ANASTASIADIS, KRISTIN DAVIS, TOM WOLFE, and WESTSIDE REALTY OF NEW YORK, INC.,

Plaintiffs,

-against-

CITY OF NEW YORK, New York, and POLICE OFFICERS JOHN DOE #1 TO #100,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Paula Van Meter*
*(212) 442-4050*
*L. M. No. 2008-018192AL*

Due and timely service is hereby admitted.

New York, N.Y. ......................................., 200......

.................................................................... Esq.

Attorney for..................................................................